**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3202-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RASHON JACKSON,

    Defendant-Appellant.

_____

Submitted February 8, 2022 – Decided July 22, 2022

Before Judges DeAlmeida and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 11-05-0432.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Mark Niedziela, Assistant Prosecutor, of counsel and on the brief; Ali Y. Ozbek, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant, Rashon Jackson, appeals from the December 13, 2019 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

Because we heard this matter on direct appeal, State v. Jackson, No. A-3588-14 (App. Div. Feb. 7, 2018) (slip op. at 2-3), we incorporate its factual narrative for brevity's sake. We recite only those facts germane to the issues before us.

On December 17, 2010, defendant joined Anthony Velez, Schelton Shennett, and Gerald Davis in a scheme to rob Manuel Lugo of drugs and money. After driving together in a car to meet Lugo, defendant and Davis exited the car and approached him. Velez also exited the car but waited, concealing himself from Lugo. Shennett remained in the car. During the ensuing confrontation, Lugo was fatally shot in the chest.

Velez, Shennett, and Davis[1] each accused defendant of shooting Lugo. Velez also testified that while the four men were together after the shooting, defendant told them "don't nobody say nothing, if anybody says something they know what's going to happen." After a police investigation, defendant

---

[1] All of the co-defendants pled guilty to various offenses and agreed to provide testimony for the State if called as witnesses.

was apprehended in Massachusetts using an assumed name and in possession of a stolen driver's license.

Defendant was charged with first-degree murder, N.J.S.A. 2C:11-3(a)(1); first-degree robbery, N.J.S.A. 2C:15-1; second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a); two counts of second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); third-degree receiving stolen property, N.J.S.A. 2C:20-7; and first-degree felony murder, N.J.S.A. 2C:11-31(3).

Velez and Davis testified at trial, however Shennett did not. The State did not call him as a witness and when defendant called him to testify, Shennett invoked his Fifth Amendment right against self-incrimination outside of the presence of the jury. The trial court denied defendant's numerous applications to compel his testimony. Defendant did not object to the standard flight instruction the court gave to the jury, and the jury convicted defendant on all counts except for the two second-degree weapons charges. Defendant was sentenced to an aggregate prison term of sixty years, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2.

On direct appeal, defendant argued that the trial court erred when it: did not compel Shennett to testify despite his invocation of the Fifth Amendment

3

privilege against self-incrimination; issued an incomplete jury charge; and imposed an excessive sentence. We rejected those arguments and affirmed his conviction and sentence.

Defendant next filed a PCR application, making several arguments, some of which tracked his direct appeal. He argued that trial counsel was ineffective: in failing to object to the racial composition of the jury; that he was "misled" by defense counsel concerning the admissibility of Shennett's pre-trial statements to the police; that trial counsel was ineffective in not objecting to the flight charge; and finally, that trial counsel had a conflict of interest.

The PCR court rejected all of the claims. Concluding that defendant failed to make a prima facie case under Strickland, the court denied the application without an evidentiary hearing.[2]

On appeal from denial of the PCR motion, defendant argues the following:

> MR. JACKSON IS ENTITLED TO AN
> EVIDENTIARY HEARING ON HIS CLAIM THAT
> HIS ATTORNEY RENDERED INEFFECTIVE
> ASSISTANCE OF COUNSEL BY FAILING TO
> ADVISE HIM ADEQUATELY DURING PLEA
> NEGOTIATIONS ABOUT THE ADMISSIBLITY OF

---

[2] Strickland v. Washington, 466 U.S. 668 (1986).

A CODEFENDANT'S STATEMENT, OBJECT TO AN INCOMPLETE FLIGHT CHARGE, AND ADVOCATE ADEQUATELY DUE TO A CONFLICT OF INTEREST.

We use a de novo standard of review when a PCR court does not conduct an evidentiary hearing. State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016) (citing State v Harris, 181 N.J. 391, 421 (2004)). When petitioning for PCR, a defendant must establish he is entitled to "PCR by a preponderance of the evidence." State v. O'Donnell, 435 N.J. Super. 351, 370 (App. Div. 2014) (quoting State v. Preciose, 129 N.J. 451, 459 (1992)).

We analyze ineffective assistance of counsel claims using the two-prong test established by the Supreme Court in Strickland. See Preciose, 129 N.J. at 463; see also State v. Fritz, 105 N.J. 42, 58 (1987). The first prong of the Strickland test requires a defendant to establish counsel's performance was deficient. Preciose, 129 N.J. at 463. "The second, and far more difficult, prong is whether there exists 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. at 463-64 (quoting Strickland, 466 U.S. at 694).

There exists a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Strickland, 466 U.S. at 689. Further, because

5

prejudice is not presumed, defendant must demonstrate how specific errors by counsel undermined the reliability of the proceeding. State v. Drisco, 355 N.J. Super 283, 289-90 (App. Div. 2002) (citing United States v. Cronic, 466 U.S. 648, 659 n.26 (1984)).

We examine defendant's first argument, that trial counsel was ineffective because he failed to adequately advise defendant about the potential for admissibility of Shennett's statement during plea negotiations, causing him to reject a twenty-six-year plea offer. We do not find the argument persuasive. "[M]erely raising a claim for PCR does not entitle one to an evidentiary hearing." State v. L.G.-M., 462 N.J. Super. 357, 364 (App. Div. 2020). Defendant wanted to put Shennett on the witness stand to attack his credibility by comparing his police statement, where he did not identify defendant as the shooter, with his plea allocution, where he did. Defendant essentially argues that his self-serving certification about what his attorney said or didn't say to him during plea negotiations creates the need for an evidentiary hearing.

Our review of the record leads us to conclude that defendant's trial counsel was zealous in his representation of defendant, and counsel demonstrated this in his repeated attempts to get Shennett's conflicting testimony before the jury. We note that the PCR judge, who also presided

6

over the trial, found counsel attempted "every which way" to get Shennett's statement before the jury, but was unsuccessful.[3] We concluded on direct appeal that "defendant did not establish that Shennett's valid invocation of his Fifth Amendment privilege caused [defendant] sufficient prejudice to warrant a reversal of his convictions." Jackson, slip op. at 6-7. We find the record shows that counsel's actions "fell within the wide range of reasonable professional assistance." See Strickland, 466 U.S. at 689-90. When we weigh defendant's self-serving statements against his counsel's vigorous efforts to get Shennett's statement or his testimony before the jury, we find defendant has failed to show by a preponderance of the evidence that he has met the first prong of Strickland. Preciose, 129 N.J. at 463.

For completion, we note defendant falls far short as to the second prong of Strickland. We found on direct appeal that defendant cannot show the result would have been different but for the error alleged. Id. at 463-64. Prejudice is not presumed. Fritz, 105 N.J. at 52. Velez and Davis, the other co-defendants, testified at trial and identified defendant as the shooter. They were extensively

---

[3] The record shows that the motion argument on the admissibility of the statement took place mid-trial, near the end of the State's case. After denial of defendant's motion, the trial resumed with cross-examination of the State's last witness. The record does not show whether defendant attempted to re-open plea negotiations prior to the case going to the jury.

cross-examined on their police statements.  During that cross-examination, trial counsel pursued contradictions between their statements, their plea allocutions, and their trial testimony at great length.  We find no prejudice here.

Defendant next argues that trial counsel "failed to object to an incomplete flight charge."  We glean from this statement that defendant means his trial counsel failed to seek addition of defendant's explanations for leaving the scene to the standard instruction.  The trial court gave the standard flight[4] jury instruction with no amendment offered by trial counsel.  However, as the PCR judge noted, trial counsel argued defendant's explanations for leaving the scene during summation.  Because the jury was exposed to defendant's position during closing argument, we find counsel's actions "fell within the wide range of reasonable professional assistance," Strickland, 466 U.S. at 689-90, and we conclude defendant has failed to show by a preponderance of the evidence that counsel's performance was deficient on the flight charge. Preciose, 129 N.J. at 463.

Finally, defendant argues that counsel was ineffective because he had a conflict of interest.  Defendant was informed before trial that his counsel and

---

[4]  Model Jury Charges (Criminal), "Flight" (rev. May 10, 2010).

the prosecutor were cousins. He consented to continuing the representation nonetheless. His certification alleges no actions by counsel which form a factual basis for this allegation, but rather a "feeling."[5] We find this claim has no merit on this record.

In sum, defendant has failed to draw the required nexus between "specific errors of counsel" he has alleged and any harm to the reliability of his trial. Drisco, 355 N.J. Super. at 290 (citing Cronic, 466 U.S. at 659 n.26). No evidentiary hearing is merited.

To the extent that we have not addressed any remaining arguments by defendant, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[5] Defendant certified in his PCR application that as the trial progressed, he "felt that [his] lawyer was not acting in his best interests . . . ."